23-333 (L)
*Muyet v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-four.

PRESENT:
> **DENNIS JACOBS,**
> **MICHAEL H. PARK,**
> **SARAH A. L. MERRIAM,**
> > *Circuit Judges.*

---

**Jose Muyet,**

> *Petitioner-Appellant,*

> v.

**United States of America,**

> *Respondent-Appellee.*

**23-333(L), 23-334(CON)**

---

| | |
|---|---|
| **FOR APPELLANT:** | DANIEL HABIB, Federal Defenders of New York, Inc., New York, NY. |
| **FOR APPELLEE:** | VARUN A. GUMASTE (James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jose Muyet was convicted on 40 counts for crimes involving racketeering, murder, conspiracies to murder, attempted murder, narcotics, and use and possession of firearms. He was sentenced to 14 concurrent terms of life, 15 concurrent terms of 10 years, a consecutive term of five years, and 10 consecutive terms of 20 years, for an aggregate term of life plus 205 years of imprisonment. This Court affirmed Muyet's convictions on direct appeal. *See United States v. Muyet*, 225 F.3d 647 (2d Cir. 2000). Thereafter, Muyet filed a 28 U.S.C. § 2255 motion to vacate his sentence; the district court denied the motion and declined to issue a certificate of appealability. This Court granted Muyet leave to file a successive § 2255 motion based on his argument that following the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), his 18 U.S.C. § 924(c) convictions predicated on conspiracy to commit murder were no longer valid.

Muyet then filed a pro se § 2255 motion seeking to vacate his sentence. The district court initially denied the motion, concluding that even if his challenge were successful, it would not make a difference in Muyet's overall sentence because he was serving several mandatory life sentences. After Muyet pointed out that his life sentences were in fact not mandatory, the district court vacated the denial of his motion and ordered further briefing. The district court ultimately denied Muyet's § 2255 motion, declining to address the merits of his claim by applying the

concurrent-sentence doctrine, and denying his request for a certificate of appealability. This Court subsequently granted a certificate of appealability on "(1) whether the concurrent sentence doctrine applies under the circumstances presented here, and (2) whether [Muyet's] convictions under 18 U.S.C. § 924(c) are valid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019)." Motion Order, *Muyet v. United States*, No. 23-333(L) (2d Cir. Aug. 16, 2023), ECF 41. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's denial of a § 2255 motion." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021). We review a district court's application of the concurrent-sentence doctrine for abuse of discretion. *See id*. at 564. Under the concurrent-sentence doctrine, "an appellate court affirming a conviction and sentence may, in its discretion, choose not to hear a challenge to a conviction on another count if that second conviction carries a sentence that is equal to or less than the affirmed conviction." *Dhinsa v. Krueger*, 917 F.3d 70, 75-76 (2d Cir. 2019) (cleaned up). The concurrent-sentence doctrine "applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences." *Al-'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022).

The district court acted within its discretion in declining to reach the merits by applying the concurrent-sentence doctrine.[1] Muyet argues that the district court did not address the possibility of de novo resentencing. But the record indicates that the district court understood its

---

[1] Muyet's argument that the concurrent-sentence doctrine "cannot apply when a § 2255 movant challenges a conviction, in particular, a § 924(c) conviction carrying a consecutive sentence," Appellant's Br. at 15, is foreclosed by our opinion in *Al-'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022).

discretion to conduct a de novo resentencing. First, the district court's reconsideration of its original denial of Muyet's § 2255 motion acknowledged the possibility of reconsidering Muyet's sentence. Second, the parties extensively briefed the issue of de novo resentencing, and the government explicitly discussed the court's discretionary authority to do so in one of its letters to the court. And third, the district court explicitly stated that "even a successful challenge on the merits would afford [Muyet] no reasonable prospect of a shorter time in custody," *Muyet v. United States*, No. 01CV09371(LAP), 2023 WL 170869, at *5 (S.D.N.Y. Jan. 12, 2023), suggesting that it would not exercise its discretion to resentence Muyet because doing so would not result in a shorter prison term. *See Kassir*, 3 F.4th at 565 ("We reserve our judgment only for issues that, once resolved, have some practical effect.").

The district court properly analyzed the *Vargas* factors and determined that there is "no meaningful possibility that [Muyet's] challenged but unreviewed convictions will expose him to substantial risk of adverse collateral consequences." *Muyet*, 2023 WL 170869, at *5; *see Al-'Owhali*, 36 F.4th at 467 (applying the concurrent-sentence doctrine when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences"). It reasoned that the unreviewed convictions would not have an effect on: (1) Muyet's future parole eligibility because "parole is inapplicable in the federal system"; (2) the application of recidivist statutes for a future offense, Muyet's credibility in future trials, or the possibility of pardon because "he holds a life sentence"; or (3) societal stigma from his gun convictions because "any societal stigma . . . would be relatively small compared to the stigma from his murder convictions." *Muyet*, 2023 WL 170869, at *5; *see United States v. Vargas*, 615 F.2d 952, 959-60 (2d Cir. 1980).

4

The district court did not abuse its discretion in its analysis and application of the concurrent-sentence doctrine.

We have considered all of Muyet's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court